**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 10-4388**

───────────

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

JAMES RAMAGE, a/k/a James Russell Ramage,

                Defendant – Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. Irene M. Keeley, District Judge. (1:09-cr-00061-IMK-JSK-1)

───────────

Submitted: February 10, 2011      Decided: March 17, 2011

───────────

Before WILKINSON, NIEMEYER, and WYNN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Charles T. Berry, Fairmont, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney, Zelda E. Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Ramage pled guilty to possessing a firearm as a convicted felon after officers seized a gun from his home while investigating a reported domestic disturbance. Prior to Ramage's guilty plea, the district court denied his motion to suppress evidence obtained following a warrantless search of his home, finding that, although the officer's warrantless entry was illegal, the primary taint of the illegal entry was purged when Ramage's wife consented to a search of the home. On appeal, Ramage argues that the district court erred in denying his motion to suppress because the entry was illegal, the initial taint of the illegal entry was not purged, and Ramage expressly refused to consent to the search.* Finding no reversible error, we affirm.

On appeal from the denial of a suppression motion, we review the district court's legal determinations de novo and factual findings for clear error. United States v. Hernandez-Mendez, 626 F.3d 203, 206 (4th Cir. 2010). The evidence is reviewed in the light most favorable to the Government as the prevailing party below. United States v. Green, 599 F.3d 360, 375 (4th Cir. 2010).

---

* Ramage's guilty plea reserved his right to appeal the district court's denial of his motion to suppress.

2

The Fourth Amendment prohibits unreasonable searches; a search conducted without a warrant is per se unreasonable unless it falls within a valid exception to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973). "Until a valid search warrant has issued, the Amendment safeguards the privacy interests of owners, boarders, and tenants, of a home, apartment, or other dwelling place." United States v. Gray, 491 F.3d 138, 144 (4th Cir. 2007) (internal citations omitted). Warrantless searches "are per se unreasonable under the Fourth Amendment – subject only to a few specifically established and well-delineated exceptions." United States v. Bush, 404 F.3d 263, 275 (4th Cir. 2005) (quoting Mincey v. Arizona, 437 U.S. 385, 390 (1978)). The government bears the burden of demonstrating exigent circumstances. Welsh v. Wisconsin, 466 U.S. 740, 749-50 (1984).

Here, it is undisputed that an officer entered Ramage's home without a warrant or exigent circumstances. The Government contends, however, that the district court erred in holding that the officer's warrantless entry was illegal. We need not decide this issue, however, as we conclude that, even assuming illegal entry of the Ramage home, the evidence recovered from the home was ultimately admissible.

Evidence that is the product of an unlawful search or seizure is nevertheless admissible so long as the connection

3

between the unlawful conduct of the police and the acquisition of the evidence is sufficiently attenuated as to purge the evidence of the primary taint. Wong Sun v. United States, 371 U.S. 471, 487 (1963); Nardone v. United States, 308 U.S. 338, 341 (1939). To determine whether the taint of an illegal entry has been purged, this court evaluates three factors: (1) the length of time between the illegal act and the seizure of evidence; (2) whether there were intervening circumstances; and (3) the gravity, flagrancy, and reason for the police misconduct. Brown v. Illinois, 422 U.S. 590, 603-04 (1975). As the district court concluded, Ramage's wife's consensual conversation with the officer constituted a sufficient intervening circumstance. Further, the entry was not in flagrant disregard of Ramage's Fourth Amendment rights, as the officer was investigating a domestic disturbance and prudently attempting to prevent escalation of the incident upon his departure. Accordingly, we hold that the taint of any illegal entry was purged.

Finally, Ramage argues that the district court erred when it found that the officer's search did not violate Georgia v. Randolph, 547 U.S. 103 (2006), because he expressly refused to consent to the officer's entry. See 547 U.S. at 106 (holding that when multiple occupants share authority over an area, the express refusal to consent to police entry of one co-

4

occupant prevails over the consent to entry of another co-occupant). In fact, the district court did not reach the Randolph issue because it declined to credit Ramage's testimony that he forbade the officer from entering his home. We hold that, in the face of contradictory testimony from multiple police officers and inconsistent testimony from Ramage, it was not clear error for the district court to find that Ramage did not expressly refuse to consent to the officer's entry. Thus, the district court did not err in denying Ramage's motion to suppress.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED